pleaded the law of Italy to bring the cause of action within the provisions of Section 4, I will reverse my prior determination as to Section 1.

## THE VULCANIA.

### SACHS v. ITALIA S. A. DI NAVIGAZIONE.

District Court, S. D. New York.

April 22, 1941.

### FEDERAL DEPOSIT INS. CORPORATION v. TREMAINE et al.

District Court, S. D. New York.

Dec. 29, 1941.

Sidney R. Nussenfeld, of New York City (Harry Rodwin and Irving H. Jurow, both of New York City, of counsel), for plaintiff.

John J. Bennett, Jr., Atty. Gen., of New York (Robert P. Beyer and Hyman Wank, Asst. Attys. Gen., of counsel), for defendant Morris S. Tremaine.

William C. Chanler, Corp. Counsel, of New York City (Bernard Newman, Seymour B. Quel, and Arthur H. Kahn, all of New York City, of counsel), for defendant Almerindo Portfolio.

850

Berle & Berle, of New York City (Winthrop H. Kellogg, of New York City, of counsel), for defendant Adolf A. Berle, Jr.

BRIGHT, District Judge.

Plaintiff moves for summary judgment in its favor. Judge Knox, upon a complete submission of the questions now involved, denied a previous motion of the defendants to dismiss. 37 F.Supp. 177. The only change in the action since has been a discontinuance as against the defendants Sheridan and Faulkner.

The fact that the remaining defendants are sought to be held liable for acts which in no way have benefited them personally, and many of which were done in compliance with the laws of New York, has caused me to examine all of the present contentions much more fully than I would otherwise have done in view of the obviously carefully considered opinion above cited.

All parties concede there is no factual dispute. A reading of the briefs submitted to Judge Knox shows to my mind there are no issues of law not previously discussed at length. Counsel for defendants Portfolio and Berle argue, however, that there were not raised on the earlier motion (1) the force of Chapter 191 of the Laws of 1941, adding section 106-a, State Finance Law, Consol.Laws, c. 56, declaring that deposits of the character involved here shall be deemed public moneys; (2) administrative construction of the statutory provisions authorizing national banks to pledge assets to secure deposits by state officers; and (3) the effect of the decision in Inland Waterways Corp. v. Young, 309 U.S. 517, 60 S.Ct. 646, 84 L. Ed. 901.

But state policy and administrative procedure as bearing upon the definition to be assigned to the words "public money" was argued and definitely decided. And the case of Inland Waterways Corp. v. Young was discussed in all briefs on the previous submission, and although not cited in the opinion, was undoubtedly then considered.

Under the circumstances, I feel bound by the previous determination, in which every question now raised has been decided. Plaintiff's motion for summary judgment is, therefore, granted.